FILED
JAMES BONINI
CLERK

09 JUN 24 PM 2: 22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY DEPEW, | ) |
| Plaintiff, | ) |
| | ) No. **1:09CV442** |
| vs. | ) |
| | ) SPIEGEL, J. |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) JURY DEMAND ENDORSED HEREON |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TIMOTHY DEPEW, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, Ohio Rev. Code § 1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Franklin, Warren County, Ohio.

4. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Premier Health Partners, Miami Valley Hospital, Good Samaritan Hospital and/or Atrium Medical Center.

5. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Norfolk, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

6. Beginning in approximately November of 2005 and continuing off and on through at least March of 2009, Defendant has been contacting Plaintiff via both telephone and mail communications in attempts to collect on a debt allegedly owed by Plaintiff to Premier Health Partners, Miami Valley Hospital, Good Samaritan Hospital and/or Atrium Medical Center.

7. Previously, Plaintiff sent written correspondence to Defendant advising Defendant that he disputed and refused to pay the alleged debt, and that he wished for Defendant to cease all further communication with him. Defendant has ignored Plaintiff's requests and has continued to contact him off and on since that letter was sent.

8. During the periods when Defendant's representatives were calling Plaintiff to demand payment of the alleged debt, Defendant placed some telephone calls to Plaintiff prior to 8:00 a.m., after 9:00 p.m. and on holidays. On February 19, 2009, Defendant placed a phone call to Plaintiff at 6:08 a.m.

9. On or about February 27, 2009, Plaintiff spoke with a female representative of Defendant regarding the alleged debt. Defendant's representative identified herself as a

supervisor named Jan (last name unknown). During that telephone conversation, Jan advised Plaintiff that if he did not pay the alleged debt, legal action would be taken against him and Defendant would garnish his wages and put a lien on his home. Jan also advised Plaintiff that the debt would be reported on his credit reports and that Defendant would not advise the credit reporting bureaus that the debt was in dispute.

10. In addition, Defendant's representatives have failed to always advise Plaintiff during every communication with him that the communication was from a debt collector. On some occasions when placing telephone calls to Plaintiff, Defendant's representatives have failed to advise him of their names or the company from which they were calling.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

  a. Communicating with Plaintiff after he notified Defendant in writing that he refused to pay the alleged debt and that he wished for Defendant to cease all further communication with him, in violation of 15 U.S.C. § 1692c(c);

  b. Falsely representing the character, amount and/or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

  c. Threatening to take action that cannot legally be taken and/or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  d. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number, in violation of 15 U.S.C. § 1692d(5);

    e.    Communicating with Plaintiff at a time or place which should be known to be inconvenient to him, in violation of 15 U.S.C. § 1692c(a)(1);

    f.    Communicating with Plaintiff prior to 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1);

    g.    Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    h.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TIMOTHY DEPEW, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference Paragraphs 1-12 above as though fully rewritten here.

14. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

16. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, TIMOTHY DEPEW, respectfully prays for judgment against Defendant as follows:

   a. Three (3) times all actual damages suffered for each violation;

   b. All statutory damages to which Plaintiff is entitled for each violation;

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(440) 287-6040 (facsimile)
David@LuxenburgLevin.com